State v. Church

For the reasons stated, the order appealed from is

Affirmed.

Chief Judge BROCK and Judge MORRIS concur.

---

STATE OF NORTH CAROLINA v. BRICE CHRISTOPHER CHURCH AND
BARBARA LOUISE WHITEHEAD CHURCH

No. 7725SC282

(Filed 7 September 1977)

Criminal Law § 75.10— statement by defendant—waiver of right to remain silent

In a prosecution for felonious possession of marijuana the trial court proper-
ly allowed the State to offer evidence of statements made by the male defendant
where the evidence showed that he waived his right to remain silent and later
stated that he would not answer questions about where marijuana in his posses-
sion came from; and defendant's assertion of his right to remain silent on that sub-
ject was honored by the interrogators.

APPEAL by defendants from *Thornburg, Judge.* Judgments
entered 13 October 1976 in Superior Court, BURKE County. Heard in
the Court of Appeals 30 August 1977.

Defendants were convicted of felonious possession of marijuana
and were sentenced to terms of imprisonment.

*Attorney General Edmisten, by Associate Attorney Leigh
Emerson Koman, for the State.*

*Triggs & Hodges, by C. Gary Triggs, for the defendants.*

BROCK, Chief Judge.

This appeal presents the question of whether the trial judge
committed prejudicial error in allowing the State to offer evidence
of statements made by defendant Brice Christopher Church.

Pursuant to a search warrant, officers searched defendants'
house and found 371 grams of marijuana. The marijuana was im-
pounded and defendants were arrested. After defendants were
transported to the sheriff's office they were given the *Miranda*
warnings and defendant Brice Church waived his right to remain
silent and his right to counsel. During interrogation of defendant
Brice Church he stated that he would not answer questions about

where the marijuana came from. Thereafter no questions were asked concerning where the marijuana came from. However, the interrogation continued on other phases of the investigation.

From competent evidence the trial judge found facts approximately as above set out and concluded that evidence of statements made by Brice Church was admissible. Thereafter the State was permitted to offer evidence that Brice Church stated that "he was not going to sell a lot of stems and junk, that only the good stuff was going to go into the bags." Also the State was permitted to offer evidence that Brice Church stated that "Simon Price was a friend of theirs and that he was just visiting the house that night" and that the marijuana "was not Simon Price's."

We see no error in the admission of Brice Church's statements. He waived his right to remain silent and later stated that he would not answer questions about where the marijuana came from. No further questions were asked about where it came from. Defendant's assertion of his right to remain silent on that subject was honored by the interrogators.

No error.

Judges BRITT and MORRIS concur.